CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 17 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL P. WILLS,<br>    Petitioner, | )<br>)  Civil Action No. 7:05CV00679<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| DANIEL A. BRAXTON, et al.,<br>    Respondent. | )  By: Hon. Glen E. Conrad<br>)  United States District Judge |

The petitioner, Michael P. Wills, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Having reviewed the plaintiff's claims, the court concludes that the petition is more appropriately construed as one filed under 28 U.S.C. § 2254. For the following reasons, the petition will be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the court may summarily dismiss a petition if it is clear from the face of the petition that the petitioner is not entitled to relief.[*]

Background

In September of 1991, the petitioner allegedly entered a jewelry store in Springfield, Virginia, and removed cash and jewelry from the store's display counters and safe, while three store employees were held at gunpoint. The petitioner was charged with three counts of robbery and three counts of displaying a firearm during the robbery. Following a jury trial, the petitioner was convicted on all six counts. On April 13, 1992, the petitioner was sentenced to a ten-year term of imprisonment for each of the three robbery counts, a two-year term of imprisonment for

---

[*] It is unclear from the petitioner's submissions whether he has fully exhausted state court remedies as required by 28 U.S.C. § 2254(b)(1)(A). However, pursuant to § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."

the first firearm count, and a four-year term of imprisonment for each of the remaining firearm counts.

## Discussion

1. <u>Due Process Claim</u>

In his first claim, the petitioner alleges that even though the sentencing court did not specifically state how the sentences should be executed, the Virginia Department of Corrections is executing his sentences consecutively, which results in a total aggregate sentence of forty years. The petitioner contends that his sentences should be served concurrently, which would result in a maximum sentence of fourteen years.

The petitioner has attached a copy of the final order in his criminal case. The order does not state whether the sentences are to be served consecutively or concurrently. However, under Virginia law, multiple sentences "shall not run concurrently, unless expressly ordered by the court", Virginia Code § 19.2-308, and "in the absence of express direction, they still run consecutively." <u>Robertson v. Superintendent of the Wise Correctional Unit</u>, 248 Va. 232, 235, 445 S.E.2d 116, 117 (Va. 1994) (citing <u>Hudson v. Youell</u>, 179 Va. 442, 451, 19 S.E.2d 705, 709, <u>cert. denied</u>, 317 U.S. 630 (1942). Since the sentencing court did not expressly order the petitioner's sentences to run concurrently, the sentences must be served consecutively. See <u>Stickley v. Baskerville</u>, 281 F. Supp. 2d 851, 854 at n.2 (W.D. Va. 2003) (noting that "[a]lthough Judge Hupp did not state whether the sentences were to be served consecutively or concurrently, under Virginia law, sentences are served consecutively unless the judge expressly indicates otherwise."). Therefore, the execution of the petitioners' sentences has resulted in neither an improper application of state law nor an abuse of discretion in violation of the petitioner's due process rights. Thus, the petitioner's first claim is without merit.

2

2.  Double Jeopardy Claim

In his second claim, the petitioner appears to argue that he was improperly convicted on three separate counts of robbery, even though the convictions relate to a "single transaction." The petitioner contends that he only removed cash and jewelry from the jewelry store's safe and display cases, and that he did not remove any personal property from the store's three employees. Thus, the petitioner argues that the three robbery convictions relate to a single offense for which only a single punishment is permitted under principles of double jeopardy.

"Where a multiple-punishment-for-single-offense claim of double jeopardy is made, the first inquiry ... is whether as a matter of legislative intent there are involved single or multiple offenses." Thomas v. Warden, Maryland State Penitentiary, 683 F.2d 83, 84 (4th Cir. 1982). If the claim is based on a state offense, federal courts are essentially bound by state court interpretations of state legislative intent. Id. at 85. Under Virginia law, separate robberies occur whenever (1) each victim has constructive possession of the stolen property and (2) each victim is subjected to the robber's intimidation. See Sullivan v. Commonwealth, 16 Va. App. 844, 848, 433 S.E.2d 508, 510-511 (Va. Ct. App. 1993) (en banc) (holding, for double jeopardy purposes, that the defendant "robbed each employee and, thus, committed two robberies" even though only one employee "physically surrendered money" to the defendant); Clay v. Commonwealth, 30 Va. App. 254, 262, 516 S.E.2d 684, 687 (Va. Ct. App. 1999) (en banc) (affirming two robbery convictions where the robber took one victim's coat, which held another victim's money).

In this case, the petitioner allegedly removed cash and jewelry from the jewelry store's safe and display counters, at gunpoint, in the presence of three store employees. Based on the foregoing legal principles, the petitioner's convictions on three separate counts of robbery did not

3

violate the prohibition against double jeopardy. Accordingly, the petitioner's second claim is without merit.

## Conclusion

For the reasons stated, the petition for writ of habeas corpus filed by the petitioner must be dismissed. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondents.

ENTER: This 13th day of January, 2006.

*/s/ Glen Conrad*
United States District Judge