CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 13 2006

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL P. WILLS, | ) | |
| Petitioner, | ) | Civil Action No. 7:05CV00679 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DANIEL A. BRAXTON, et al., | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

The petitioner filed this action as petition for writ of habeas corpus under 28 U.S.C. § 2241. Based on the nature of the plaintiff's claims, the court concluded that the petition was more appropriately construed as one arising under 28 U.S.C. § 2254. By opinion and order entered January 17, 2006, the petition was dismissed. The petitioner has now filed a motion to alter or amend judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Rule 59(e) allows an aggrieved party to file a motion to alter or amend a judgment within ten days of its entry. "While the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." Rouse v. Nielsen, 851 F. Supp. 717, 734 (D.S.C. 1994) (quoting Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991)).

In the present motion, the petitioner does not argue that an intervening change in the law has occurred or that previously unavailable evidence has now become available. Instead, the petitioner simply attempts to reargue the merits of his original claims. However, Rule 59(e) is not "intended

to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D. Va. 1977). While the petitioner may disagree with the outcome of his case, such disagreement does not support a Rule 59(e) motion. See Hutchinson, 994 F.2d at 1082. Accordingly, the court concludes that there is no basis upon which to alter or amend the opinion and order dismissing the petition.

The Clerk is directed to send a certified copies of this memorandum opinion and accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 13th day of February, 2006.

_____
United States District Judge